UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

KENNETH WATFORD,

    Plaintiff,

v.

NICOLE R. BLANCHE and
UNITED STATES PROBATION AND
PRETRIAL SERVICES,

    Defendants.

Civil Action No. TDC-21-2040

## MEMORANDUM OPINION

Plaintiff Kenneth Watford, a federal inmate confined at the United States Penitentiary-Marion in Marion, Illinois, has filed this civil action against Defendants Nicole R. Blanche and United States Probation and Pretrial Services, alleging that Defendants failed to remove an expunged conviction related to a 2004 state criminal case from the Presentence Investigation Report in his federal criminal case. Pending before the Court are Watford's Motion for Remand, Defendants' Motion to Dismiss, and Watford's Motion for Summary Judgment. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Watford's Motion for Remand will be DENIED, Defendants' Motion to Dismiss will be GRANTED, and Watford's Motion for Summary Judgment will be DENIED.

## BACKGROUND

In his Complaint, Watford alleges that United States Probation and Pretrial Services for the District of Maryland ("the USPO") and Blanche, who serves as a Supervisory United States

Probation Officer, failed to comply with a state court's order to remove an expunged conviction from the Presentence Investigation Report ("PSR") in his federal criminal case in the United States District Court for the District of Maryland, *United States v. Watford*, Crim. No. PJM-12-0623-03. In that criminal case, Watford was convicted of one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349; four counts of Wire Fraud, in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2; three counts of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1); one count of Credit Card Fraud, in violation of 18 U.S.C. § 1029(a); two counts of Attempted Credit Card Fraud, in violation of 18 U.S.C. § 1029(a)(2); and one count of Aggravated Credit Card Fraud, in violation of 18 U.S.C. § 1028A(a)(1). On October 14, 2015, Watford was sentenced to a total of 135 months of imprisonment.

On July 24, 2020, the Circuit Court for Charles County, Maryland ("the Circuit Court") issued an order to expunge all records related to a September 2004 arrest of Watford and the subsequent legal proceedings ("the July 24, 2020 Expungement Order"). On August 10, 2020, Watford sent a request through the Federal Bureau of Prisons that Blanche remove the expunged conviction from the PSR in his federal criminal case and that Watford be granted a resentencing hearing in order to obtain a sentence reduction based on the change to the PSR. The Circuit Court sent a copy of the July 24, 2020 Expungement Order to Blanche, but Defendants did not change the PSR. In January 13, 2021, Watford served Blanche with a Motion for Contempt for not complying with the July 24, 2020 Expungement Order.

On April 29, 2021, Watford filed this civil action in the Circuit Court seeking damages for his "harm and suffering." Compl. ¶ 5, ECF No. 2. On August 12, 2021, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(3) because the state court civil action sought to challenge an action taken by an officer of a federal court in the performance of her duties.

**DISCUSSION**

**I.     Motion to Remand**

As a threshold issue, Watford has filed a Motion to Remand this case back to state court. ECF No. 9. Watford argues that removal was improper because his initial filing sought a contempt order against Blanche for violating the Circuit Court's July 24, 2020 Expungement Order and therefore had to be heard by the court which issued the allegedly violated order, because this Court lacks federal question and diversity jurisdiction, and because removal was not proper under 28 U.S.C. § 1442(a)(3).

These arguments fail because Defendants properly removed this action based on 28 U.S.C. § 1442(a), which provides, in relevant part:

> (a)    A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> . . .
>
> (3)    Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties[.]

28 U.S.C. § 1442(a)(3) (2018). Because Blanche is an "officer of the courts of the United States," and preparing PSRs is an "act under color of office or in the performance of [her] duties," removal under this section is proper. *See id.* That Watford sought a contempt order does not alter this conclusion. *See North Carolina v. Carr*, 386 F.2d 129, 131 (4th Cir. 1967) (per curiam) (holding that removal to federal court of a state court contempt proceeding against a federal law enforcement agent pursuant to 28 U.S.C. § 1442(a) was proper because a "Federal officer or agent shall not be forced to answer for conduct assertedly within his duties in any but a Federal forum"). Watford's Motion to Remand will be denied.

## II.     Motion to Dismiss

In their Motion to Dismiss, Defendants argue that Watford's Complaint must be dismissed because (1) Defendants are immune from suit; (2) the Complaint fails to state a claim because the Expungement Order was not directed at Defendants and they had no duty to amend the PSR; and (3) any attempt by Watford to challenge his federal sentence had to be, and was, pursued in his federal criminal case and is thus barred by collateral estoppel.  In response to Defendants' Motion, Watford filed a Motion for Summary Judgment, which the Court will also construe as a memorandum in opposition to Defendants' Motion.  For the reasons set forth below, Defendants' Motion will be granted.

### A.     Legal Standard

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Legal conclusions or conclusory statements do not suffice.  *Id.*  A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff.  *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).  A self-represented party's complaint must be construed liberally.  *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure."  *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

4

Here, Defendants have attached to the briefing on the Motion a copy of the July 24, 2020 Expungement Order and certain filings from Watford's federal criminal case. Courts are permitted to consider documents attached to a motion to dismiss "when the document is integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge the document's authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). Courts may also consider facts and documents subject to judicial notice without converting a motion to dismiss into a motion for summary judgment. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013). "Under this exception, courts may consider 'relevant facts obtained from the public record,' so long as these facts are construed in the light most favorable to the plaintiff along with the well-pleaded allegations of the complaint." *Id.* (quoting *B.H. Papasan v. Allain*, 578 U.S. 265, 283 (1986)); Fed. R. Evid. 201(b)(2). Courts routinely take judicial notice of court filings and orders in related state or federal court proceedings. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). Accordingly, in resolving the Motion to Dismiss, the Court will consider the July 24, 2020 Expungement Order as well as relevant filings in Watford's federal criminal case.

B.  **Immunity**

In general, the United States and its agencies are entitled to immunity from suit absent an express waiver. *See Robinson v. U.S. Dep't of Educ.*, 917 F.3d 799, 801-02 (4th Cir. 2019). As relevant here, a "strong doctrine of sovereign immunity is nowhere more important than for damages claims." *Id.* The "plaintiff bears the burden of showing that the government has waived sovereign immunity." *Id.* at 802. Here, Watford asserts a claim for damages against the USPO, which is part of the United States government. Watford has not provided and the Court is not

aware of any authority stating that the United States has waived its sovereign immunity as to USPO's preparation of PSRs. As a result, any claim against the USPO cannot proceed. The same is true for any claim against Blanche in her official capacity. A "suit against a federal official for acts performed within [her] official capacity . . . amounts to an action against the sovereign." *Portsmouth Redevelopment & Hous. Auth. v. Pierce*, 706 F.2d 471, 473 (4th Cir. 1983). Where Watford is suing Blanche in relation to acts she took within her official capacity as a probation officer preparing a PSR, the suit against her is also barred by sovereign immunity.

Moreover, even if Watford's Complaint is construed as a claim against Blanche in her individual capacity, any such action is barred by absolute immunity. The United States Supreme Court has long held that judges are immune from a suit for damages for judicial acts, as "such immunity was essential to protect the integrity of the judicial process." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985). This immunity has been extended to court officials who "perform functions closely associated with the judicial process." *Id.* at 200. A federal probation officer preparing a PSR falls within such a category because the production of a PSR "is an integral part of one of the most critical phases of the judicial process," sentencing a defendant who has been found guilty of a federal criminal offense, and a probation officer engaged in that task thus "acts as an arm of the court." *Dorman v. Higgins*, 821 F.2d 133, 137 (2d Cir. 1987). As a result, several United States Courts of Appeals have held that absolute judicial immunity extends to "federal probation officers preparing and furnishing presentence reports to the court." *Id.*; *see Tripati v. U.S. Immigr. & Naturalization Serv.*, 784 F.2d 345, 347-48 (10th Cir. 1986) (per curiam) (granting absolute immunity to federal probation officers preparing a presentence report); *Spaulding v. Nielsen*, 599 F.2d 728, 729 (5th Cir. 1979) (per curiam) (same). Here, where Watford is suing Blanche for damages related to her preparation of a PSR and her failure to amend it in response to

his request, the Court finds that Blanche is entitled to absolute immunity from Watford's claim. The Complaint will therefore be dismissed.

### C. Failure to State a Claim

Even if the Court considers the merits of Watford's Complaint, dismissal is warranted because the Complaint fails to state a plausible claim for relief. Watford seeks to hold Defendants liable for not removing a conviction from his PSR in accordance with the July 24, 2020 Expungement Order. However, a review of that Order reveals that it is not directed at Defendants and did not impose any obligations on Defendants. The Order, entitled "Order for Expungement of Police and Court Records," states that the Clerk of the Circuit Court ("the Clerk") and "the custodians and the Central Repository" shall "expunge all court and police records" related to Watford's September 22, 2004 "arrest, detention or confinement." Defs. Mot. Dismiss Ex. 2, ECF No. 16-2. The Order also directed the Clerk and "other custodians of record" to "remove the records from public inspection." *Id.* Those "custodians of record" were listed as follows: the Maryland State Police, the Charles County State's Attorney's Office, the Charles County Sheriff's Office, the District Court of Maryland for Charles County, the Maryland Criminal Justice Information System, and the Court Reporter. *Id.* None of the Defendants nor any federal entity was listed as a custodian of record obligated to act based on the Order. Watford's Motion for Summary Judgment, if construed as a memorandum in opposition to Defendants' Motion, provides no basis to conclude otherwise. In that filing, Watford does not even assert that the July 24, 2020 Expungement Order created any obligation for Defendants to act. The Court therefore finds that Watford has failed to state a claim based on Defendants' non-compliance with the July 24, 2020 Expungement Order.

### III. Motion for Summary Judgment

Even if construed as a separate Motion, Watford's Motion for Summary Judgment fails. Under Federal Rule of Civil Procedure 56(a), the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing a summary judgment motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is "genuine" only if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248-49.

Watford's Motion fails for the same reasons that Defendants' Motion will be granted. *See supra* part II. In his Motion, Watford also asserts several arguments for the first time. He argues that Defendants are liable based on a separate October 19, 2019 expungement order issued by the Circuit Court for Prince George's County, Maryland ("the October 19, 2019 Expungement Order") relating to records of a July 2012 arrest of Watford. This claim fails because Watford cannot amend his Complaint through his briefing on a motion. *See State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*, 381 F. Supp. 3d 536, 573 (D. Md. 2019). Even if the Court were to consider this argument, a review of the October 19, 2019 Expungement Order, attached to Watford's Motion, reveals that it also does not impose any duties or obligations on the Defendants in this action. Instead, it is directed to the Clerk of the Circuit Court for Prince George's County, the

Maryland Criminal Justice Information System, the Maryland State's Attorney's Office, the Prince George's County Sheriff's Department, the Director of Police Records, the Maryland State Police, the District Court of Maryland for Prince George's County, the Prince George's County Corrections, and the Maryland District Court's Parole and Probation Office. *See* Pl.'s Mot. Summ. J. Attach., ECF No. 14-1. Thus, for the same reasons discussed in relation to the July 24, 2020 Expungement Order, Watford has failed to provide any basis for the Court to impose liability against Defendants based on the October 15, 2019 Expungement Order. *See supra* part II.C.

Finally, while Watford states in his Motion that Defendants violated his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, these claims also were not pleaded in his Complaint and cannot now be asserted. *State Farm Mut. Auto. Ins. Co.*, 381 F. Supp. 3d at 573. Regardless, Defendants have immunity from these claims, and neither the Complaint nor Watford's Motion provide any basis for such constitutional claims. To the extent that Watford seeks relief in the form of an amendment to the PSR and resentencing, the appropriate avenue for seeking such relief is in his federal criminal case. In fact, Watford filed a "Motion for Resentencing" in his federal criminal case on January 11, 2021 in which he requested a reduction of his sentence based on the July 24, 2020 Expungement Order. Defs.' Mot. Dismiss Ex. 1, ECF No. 16-1. That Motion was denied by the Court (Messitte, J.) on February 17, 2021. Defs.' Mot. Dismiss Ex. 3, ECF No. 16-3. Accordingly, no relief is available through this civil action.

## CONCLUSION

For the foregoing reasons, Watford's Motion to Remand will be DENIED, Defendants' Motion to Dismiss will be GRANTED, Watford's Motion for Summary Judgment will be DENIED, and the Complaint will be dismissed. A separate Order shall issue.

Date: February 15, 2022

THEODORE D. CHUANG
United States District Judge